IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                       Plaintiff,<br><br>   v.<br><br>QUALITY EGG, LLC,<br><br>                       Defendants. | Civil Action No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE ACTION

This is a sexual harassment action brought by the United States Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and provide appropriate relief to Charging Party Diane Smith and a class of other similarly situated individuals, including Emily Stevens, who were adversely affected by such practices. The EEOC alleges that Defendant Quality Egg, LLC ("Quality Egg"), subjected Ms. Smith, Ms. Stevens and a class of similarly situated individuals to a sexually hostile working environment.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); § 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the Northern District of Iowa.

3. More than 30 days prior to the institution of this lawsuit, Diane Smith, a former Quality Egg, LLC employee, filed a charge with the EEOC alleging violations of Title VII by Defendant Quality Egg, LLC.

4. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment pattern and practices alleged below and to effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3). All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5. The plaintiff, the EEOC, is the agency of the United States of America charged with administering, interpreting and enforcing Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-

5(f)(1) and (3), and by § 707 of Title VII, 42 U.S. C. §2000e-6.

6. At all relevant times, Defendant Quality Egg has continuously been incorporated in the State of Iowa, with its principal place of business in the City of Galt, Iowa, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Quality Egg has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. Between February and April 2009, Defendant Quality Egg engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2. Among other things, Defendant's manager Alejandro "Alex" Amaya subjected a class of female employees, including Diane Smith and Emily Stevens, to sexual harassment (including, but not limited to, sexual advances, unwelcome groping and touching, sexually suggestive conduct, forcible genital touching and sexual comments), which created a sexually hostile work environment. Defendants, despite actual and constructive notice of the situation, failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

9. The unlawful employment practices complained of in Paragraph 8 were intentional and caused female employees, including but not limited to Diane Smith and Emily Stevens, to suffer emotional distress.

10. The unlawful employment practices complained of in Paragraph 8 were done with malice or reckless indifference to the federally protected rights of female employees, including but not limited to Diane Smith and Emily Stevens, because of their sex.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Quality Egg and its officers, successors and assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, any other employment practice which discriminates on the basis of sex, and from retaliation for opposition to such practices.

B. Order Defendant Quality Egg to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, protect employees who make complaints of discrimination or sexual harassment from retaliation, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Quality Egg, to make Diane Smith, Emily Stevens and a class of similarly situated individuals whole by providing appropriate back pay and benefits, with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including (but not limited to) rightful place instatement and/or front pay in lieu thereof.

D. Order Defendant Quality Egg to make Diane Smith, Emily Stevens, and a class of similarly situated individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in Paragraph

8, including (but not limited to) emotional pain, suffering and humiliation, in amounts to be determined at trial.

E.  Order Defendant Quality Egg to make Diane Smith, Emily Stevens, and a class of similarly situated individuals whole by paying punitive damages for its malicious and reckless conduct described in Paragraph 8 in amounts to be determined at trial.

F.  Grant such further relief as the Court deems necessary and proper in the public interest.

G.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
5th Floor
Washington, D.C. 20507
(202) 663-4702

s/John C. Hendrickson

Dated: 12/20/11

John C. Hendrickson
Regional Attorney

Dated: 12/20/11

s/Jean P. Kamp

Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8116

Dated: 12/20/11

s/Nicholas J. Pladson

Nicholas J. Pladson
Minnesota Bar Number 0388148
Attorney for Plaintiff
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 335-4047
Fax: (612) 335-4044

6